**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-478-RJC
(3:17-cr-165-RJC-DCK-1)**

| | | |
|---|---|---|
| JUAN CARLOS GARCIA NEGRETE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

The Judgment in the underlying criminal case was docketed on March 7, 2018. (3:17-cv-165, Doc. No. 24). Petitioner did not appeal. He filed the instant § 2255 Motion to Vacate pursuant to the prisoner mailbox rule on September 6, 2019.[1] (Doc. No. 1).

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

28 U.S.C. § 2255(f).

An otherwise time-barred petition is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling.").

Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements."). The second prong of the equitable tolling test is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." Menominee Indian Tribe of Wis. v. United States, 136 S.Ct. 750, 756 (2016). Under the Fourth Circuit's precedent, equitable tolling is appropriate in those "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)) (citations omitted).

On the present record, it appears that Petitioner's § 2255 Motion to Vacate is subject to dismissal as untimely because it was filed more than one year after his conviction and sentence became final. The Court will afford Petitioner the opportunity to explain why his § 2255 petition is timely. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that Petitioner shall file a Response within **14 days** from entry of this Order which explains why his § 2255 Motion to Vacate is timely. Failure to comply with this Order will probably result in the dismissal of the § 2255 Motion to Vacate with prejudice as time-barred.

**IT IS SO ORDERED.**

Signed: October 8, 2019

Robert J. Conrad, Jr.
United States District Judge