UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-478-RJC
(3:17-cr-165-RJC-DCK-1)

| | |
|---|---|
| JUAN CARLOS GARCIA NEGRETE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and "Affidavit" addressing the statute of limitations, (Doc. No. 3).

**I.     BACKGROUND**

Petitioner pled guilty to distribution and possession with intent to distribute at least five grams of methamphetamine and distribution of at least 50 grams of methamphetamine. See (3:17-cr-165, Doc. No. 16). In a Judgment docketed on March 7, 2018, the Court sentenced Petitioner to 57 months' imprisonment for each count, concurrent, followed by three years of supervised release. (Id., Doc. No. 24). Petitioner did not appeal.

Petitioner signed the instant § 2255 Motion to Vacate on September 6, 2019[1] and it was docketed on September 24, 2019. He argues that his lawyer was ineffective for failing to explain the pros and cons of pleading guilty and did not sufficiently inform him about his sentence. With regards to the timeliness of the Motion to Vacate, Petitioner states that "[a]fter I being incarcerated I start involving me in legal process and I find out that my case compared with other cases similar

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule).

1

than mine where other people was caught with a bigger amount of drug their doing half of the time I have to finish for this I praying that the court let me submit the form 2255 if doing it not affect my sentence." (Doc. No. 1 at 11). Petitioner states that he is not trying to get out of his guilty plea but is just seeking to reduce his sentence. (Doc. No. 1 at 12).

The Court issued an Order on October 8, 2019, informing Petitioner that his § 2255 Motion to Vacate appeared to be filed outside the statute of limitations. (Doc. No. 2). The Court provided Petitioner the opportunity to file a memorandum addressing limitations and cautioned him that, if he failed to explain why his Motion to Vacate is timely, it would likely be dismissed with prejudice as time-barred. (Id. at 2).

Petitioner filed an "Affidavit"[2] in response to the Court's Order in which he explains that the Motion to Vacate is untimely because his lawyer did not advise him of the correct way to seek a sentence reduction. (Doc. No. 3). Petitioner did not have access to a law library at the center where he was first transferred and that he did not have full access to a law library until he was transferred again on an unspecified date. He states that he is not attempting to be exonerated for his crime, but rather, is seeking a fair sentence because he is incarcerated with people who possessed more drugs than Petitioner and received a lesser sentence. He asks the Court for the opportunity to submit the Motion to Vacate "out of time…." (Doc. No. 3 at 1).

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct

---

[2] The "Affidavit" is not signed under penalty of perjury.

the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary

3

circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). The second prong of the equitable tolling test is met "only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." Menominee Indian Tribe of Wis. v. United States, 136 S.Ct. 750, 756 (2016). Under the Fourth Circuit's precedent, equitable tolling is appropriate in those "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)) (citations omitted). As a general matter, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); see also Holland, 560 U.S. at 653.

Petitioner concedes that the § 2255 Motion to Vacate was filed outside the statute of limitations and appears to seek equitable tolling. Petitioner has failed to demonstrate that equitable tolling should be applied. He has not demonstrated that he exercised due diligence or that timely filing was prevented by extraordinary circumstances outside his control. He states that his lawyer provided him insufficient advice, that he lacks knowledge of the law, and that he was at an institution without a full law library. However, mere attorney misadvice, lack of legal knowledge, and lack of access to a law library are not extraordinary circumstances that would warrant equitable tolling. See Rouse, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect.") (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling); Henriquez v. United States,

4

2012 WL 1564158, at *2 (E.D.N.C. May 2, 2012) (prison conditions such as lock-downs, misplacement of legal papers, and lack of access to legal materials typically are not grounds for equitable tolling); Allen v. Johnson, 602 F.Supp.2d 724, 727-28 (E.D. Va. March 11, 2009) (noting that courts have "uniformly and sensibly concluded that routine prison transfers do not warrant equitable tolling" and finding that, "[w]here a petitioner claims that the transfer interfered with law library access to his personal legal papers while in transit, courts consistently hold that such results of prison transfers are not extraordinary for purposes of equitable tolling"). Further, Petitioner has failed to explain how he exercised due diligence and he has not demonstrated how any of these alleged conditions prevented him from timely filing his § 2255 Motion to Vacate. Equitable tolling is not warranted under these circumstances.

Petitioner concedes that he did not timely file his § 2255 Motion to Vacate and he has failed to demonstrate that equitable tolling or any other exception to the statute of limitations applies. Therefore, the instant § 2255 Motion to Vacate will be dismissed with prejudice as time-barred.

### IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate is dismissed with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 28, 2020

Robert J. Conrad, Jr.
United States District Judge